## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 20-cv-22174-BLOOM/Reid

JOHNNY JEAN,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

## **ORDER**

**THIS CAUSE** is before the Court upon *pro se* Movant Johnny Jean's Motion to Vacate, Set Aside or Correct Sentence, ECF No. [1] ("Motion"). The Court has reviewed the Motion,[1] the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

Movant was charged with and convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *See* Case No. 14-cr-20769-BB,[2] CR ECF Nos. [9], [92], [99]. He was adjudicated guilty and sentenced to a total term of 180 months of imprisonment followed by five years of supervised release. *See* CR ECF Nos. [90], [99]. On January 13, 2016**,** the Eleventh Circuit Court of Appeals affirmed the judgment in a written but unpublished opinion. *See United*

---

[1] Because summary dismissal is warranted, no order to show cause has been issued, and the Government has not been required to file a response. *See Broadwater v. United States*, 292 F.3d 1302, 1303-04 (11th Cir. 2002) (a district court has the power under Rule 4 of the Rules Governing Section 2255 Cases to summarily dismiss a movant's claim for relief so long as there is a sufficient basis in the record for an appellate court to review the district court's decision).

[2] Citations to Movant's criminal docket, 14-cr-20769, will use "CR ECF." Citations to Movant's civil dockets will use "ECF."

*States v. Jean*, 636 F. App'x 767 (11th Cir. 2016), CR ECF No. [108]. Certiorari review was denied on May 31, 2016. *Jean v. United States*, 136 S.Ct. 2400 (2016).

Movant filed his first § 2255 motion, assigned Case No. 16-cv-22412-Huck, on June 23, 2016, which motion was denied on the merits. *See* Case No. 16-cv-22412, ECF No. [16]. On November 17, 2017, the Eleventh Circuit denied Movant's motion for a certificate of appealability determining that he could not make a substantial showing of a denial of a constitutional right. *See id.* at ECF No. [23]. Movant then filed a second § 2255 motion to vacate, assigned Case No. 18-cv-23140-BB, on June 18, 2018. *See* Case No. 18-cv-23140, ECF No. [1]. That motion was dismissed for lack of jurisdiction as an unauthorized successive § 2255 motion. *See* Case No. 18-cv-23140, ECF No. [30]. On October 22, 2019, the Eleventh Circuit Court of Appeals entered an Order dismissing Movant's appeal for want of prosecution as Movant failed to pay the Clerk's filing fee. *See id.* at ECF No. [31].

Movant now files the instant Motion, his third § 2255 motion, arguing that his conviction and resulting sentence are unlawful in light of *Rehaif v. United States*, 139 S.Ct. 2191 (2019). In *Rehaif*, the United States Supreme Court interpreted the "knowingly" requirement of § 922(g), requiring the government to prove "both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *See United States v. Finley*, 805 F. App'x 823, 826 (11th Cir. 2020) (quoting *Rehaif*, 139 S.Ct. at 2195-96). The Eleventh Circuit has held that *Rehaif* is not a "new rule of constitutional law," but rather "clarified that knowledge of one's status as a felon is an element of § 922(g)(1)." *See Finley*, 805 F. App'x at 826 (quoting *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (internal quotation marks omitted)). Further, the Eleventh Circuit has recently explained that *Rehaif* is not a permissible ground for obtaining leave to file a second or successive § 2255 motion. *See In re*

*Price*, No. 20-12133-C, 2020 WL 3790532, *4 (11th Cir. July 7, 2020).

Rule 4(b) of the Rules Governing § 2255 Proceedings provides that, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Consistently, the Supreme Court has stated that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citation omitted). Against this backdrop, courts reviewing a motion under Rule 4 must construe *pro se* motions liberally. *See Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

"Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion." Rules Governing § 2255 Proceedings, Rule 9. As authorization has not been granted, this Court lacks jurisdiction to hear this latest § 2255 motion, absent permission from the Eleventh Circuit Court of Appeals. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). Movant has not alleged, let alone demonstrated, that he has received authorization from the Court of Appeals to file this successive § 22255 motion. Thus, this unauthorized successive § 2255 motion is dismissed for lack of jurisdiction. Further, because the court "lack[s] subject matter jurisdiction to consider the [instant] successive petition, [the Court may] not issue a [certificate of appealability]" with respect to any of Movant's claims. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (citation omitted).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [1]**, is **DENIED**;

2. No certificate of appealability shall issue;

Case No. 19-cv-62747-BLOOM/Reid

3.   All pending motions are **DENIED AS MOOT**; and

4.   The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 21, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Johnny Jean
05661-104
Big Sandy-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 2068
Inez, KY 41224